1  PHILLIP A. TALBERT
   United States Attorney
2  STEPHANIE M. STOKMAN
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5
   Attorneys for Plaintiff
6  United States of America

7

8                      IN THE UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

   UNITED STATES OF AMERICA,                  CASE NO.  1:15-CR-00272-DAD
11
                        Plaintiff,            STIPULATION REGARDING EXCLUDABLE
12                                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
                  v.                          FINDINGS AND ORDER
13
   KASPER KASPERIAN,                          DATE: July 18, 2022
14                                            TIME:
                        Defendant.            COURT: Hon. Dale A. Drozd
15

16

17        This case is set for Sentencing on July 18, 2022.  On May 13, 2020, this Court issued General

   Order 618, which suspends all jury trials in the Eastern District of California "until further notice."
18
   Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C.
19
   § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial
20
   emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,
21
   2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were
22
   entered to address public health concerns related to COVID-19.
23
          Although the General Orders and declarations of emergency address the district-wide health
24
   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision
25
   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record
26

27
   _____
28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

                                           1

1    findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2    record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3    failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4    (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5    findings on the record "either orally or in writing").

6          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7    and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8    emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9    judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11   § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12   the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14         The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23   by the statutory rules.

24         In light of the societal context created by the foregoing, this Court should consider the following

25   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26   justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

27   _____

28   [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the sentencing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

3  **STIPULATION**

4  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6  1.    By previous order, this matter was set for sentencing on July 18, 2022.

7  2.    By this stipulation, defendant now moves to continue the sentencing until October 24,

8  2022, and to exclude time between July 18, 2022, and October 24, 2022, under 18 U.S.C.

9  § 3161(h)(7)(A), B(iv) [Local Code T4].

10  3.    The parties agree and stipulate, and request that the Court find the following:

11  a)    The ends of justice served by continuing the case as requested outweigh the

12  interest of the public and the defendant in a trial within the original date prescribed by the

13  Speedy Trial Act.

14  b)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

15  et seq., within which trial must commence, the time period of July 18, 2022 to October 24, 2022,

16  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

17  because it results from a continuance granted by the Court at defendant's request on the basis of

18  the Court's finding that the ends of justice served by taking such action outweigh the best interest

19  of the public and the defendant in a speedy trial.

20  \\

21

22  \\

23

24  \\

25

26  \\

27

28

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  July 11, 2022                                   PHILLIP A. TALBERT
                                                        United States Attorney


                                                        /s/ STEPHANIE M. STOKMAN
                                                        STEPHANIE M. STOKMAN
                                                        Assistant United States Attorney


Dated:  July 11, 2022                                   /s/ ANTHONY CAPOZZI
                                                        ANTHONY CAPOZZI
                                                        Counsel for Defendant
                                                        KASPER KASPERIAN


### ORDER

Pursuant to the stipulation of the parties, the sentencing hearing as to defendant Kasper Kasperian is hereby continued to October 24, 2022.  If necessary, the time between the previously scheduled sentenced hearing of July 18, 2022, and October 24, 2022, is excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].[3]

IT IS SO ORDERED.

Dated:   **July 12, 2022**                        _____
                                                  UNITED STATES DISTRICT JUDGE

---

[3]  Because the continuance is of a sentencing hearing, the court believes that the Speedy Trial Act is not implicated by the continuance.

4