1 | PHILLIP A. TALBERT
United States Attorney
2 | STEPHANIE M. STOKMAN
Assistant United States Attorney
3 | 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 | Telephone: (559) 497-4000
Facsimile: (559) 497-4099
5 |
Attorneys for Plaintiff
6 | United States of America

7

IN THE UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10 | UNITED STATES OF AMERICA,          CASE NO. 1:15-CR-00272-ADA

11 |                      Plaintiff,   STIPULATION REGARDING EXCLUDABLE
                                       TIME PERIODS UNDER SPEEDY TRIAL ACT;
12 |              v.                    FINDINGS AND ORDER

13 | KASPER KASPERIAN,                  DATE: October 24, 2022
                                       TIME:
14 |                      Defendant.   COURT: Hon. Ana de Alba

15

16 |        This case is set for Sentencing on October 24, 2022. On May 13, 2020, this Court issued

17 | General Order 618, which suspends all jury trials in the Eastern District of California "until further

18 | notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

19 | U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

20 | judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

21 | May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency,

22 | were entered to address public health concerns related to COVID-19.

23 |        Although the General Orders and declarations of emergency address the district-wide health

24 | concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

25 | "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

26 | findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout the-

27

28 |        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          1
PERIODS UNDER SPEEDY TRIAL ACT

record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

(9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

judge granted such continuance on the basis of his findings that the ends of justice served by taking such

action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

§ 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

*Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

for the sentencing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  continuance must be "specifically limited in time").

2  **STIPULATION**

3  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

4  through defendant's counsel of record, hereby stipulate as follows:

5  1.  By previous order, this matter was set for sentencing on October 24, 2022.

6  2.  By this stipulation, defendant now moves to continue the sentencing until January 23,

7  2023, and to exclude time between October 24, 2022, and January 23, 2023, under 18 U.S.C.

8  § 3161(h)(7)(A), B(iv) [Local Code T4].

9  3.  The parties agree and stipulate, and request that the Court find the following:

10  a)  The ends of justice served by continuing the case as requested outweigh the

11  interest of the public and the defendant in a trial within the original date prescribed by the

12  Speedy Trial Act.

13  b)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

14  et seq., within which trial must commence, the time period of October 24, 2022 to January 23,

15  2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

16  T4] because it results from a continuance granted by the Court at defendant's request on the basis

17  of the Court's finding that the ends of justice served by taking such action outweigh the best

18  interest of the public and the defendant in a speedy trial.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1      4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

2 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3 must commence.

4      IT IS SO STIPULATED.

5

6

7 Dated:  September 30, 2022                     PHILLIP A. TALBERT
                                           United States Attorney

8

9                                   /s/ STEPHANIE M. STOKMAN
                                  STEPHANIE M. STOKMAN

10                                   Assistant United States Attorney

11

12 Dated:  September 30, 2022                   /s/ ANTHONY CAPOZZI
                                  ANTHONY CAPOZZI

13                                   Counsel for Defendant
                                  KASPER KASPERIAN

14

15

16

17 IT IS SO ORDERED.

18      Dated:   October 3, 2022

19                      UNITED STATES DISTRICT JUDGE