1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11 | United States of America.,

12 |     Plaintiff,

13 |   vs.

14 | KASPER KASPERIAN.,

15 |     Defendant.

1:15-cr-00272-ADA-BAM-1

ORDER GRANTNG DEFENDANT'S MOTION TO PRODUCE DEFENDANT'S STATEMENT AND ORDER VACATING HEARING

(ECF No. 381)

16

17       Pending before this Court is Defendant's motion to produce statements (ECF No. 381).

18 For the reasons set forth below, the Court grants Defendant's motion and vacates the hearing

19 scheduled for this motion on Feb. 21, 2023.

20                                  **BACKGROUND**

21       On Oct. 28, 2019, Defendant Kasper Kasperian entered a guilty plea to a violation of 21

22 USC §§ 846, 841(a), conspiracy to distribute and possess with intent to distribute controlled

23 substances (methamphetamine and oxycodone). (ECF Nos. 198, 202.) On January 25, 2023,

24 Defendant filed a motion to produce statements currently pending before Court. (ECF No. 381.)

25 The Government filed a reply on January 31, 2023. (ECF No. 383.).

26 *///*

27 *///*

28 *///*

1

**LEGAL STANDARD**

2

Fed. R. Crim Proc. Rule 16(a)(1)(B) requires that upon the Defendant's request, the Government

3

disclose or make available for inspection, written or oral statements made by the Defendant to

4

federal law enforcement. The Rule states in relevant part:

5

    (a) GOVERNMENT'S DISCLOSURE.

6

        (1) *Information Subject to Disclosure.*

          (B) *Defendant's Written or Recorded Statement*. Upon a defendant's request, the

7

government must disclose to the defendant, and make available for inspection, copying,
or photographing, all of the following:

8

          (i) any relevant written or recorded statement by the defendant if:

9

              • statement is within the government's possession, custody, or control; and
              • the attorney for the government knows—or through due diligence could

10

know—that the statement exists;

11

          (ii) the portion of any written record containing the substance of any relevant
oral statement made before or after arrest if the defendant made the statement in
response to interrogation by a person the defendant knew was a government agent; and

12

          (iii) the defendant's recorded testimony before a grand jury relating to the
charged offense.

13

14

Fed. R. Crim Proc. Rule 16(a)(1)(B). Courts have found that this section applies to requests

15

made for purposes outside a case in chief. *See e.g. United States v. Gaston*, No. 2:17-CR-00235

16

KJM, 2021 WL 4132415, at *1 (E.D. Cal. Sept. 10, 2021); (holding that the section did apply to

17

disclosures for purposes of sentencing because the language of the rule "is not limited—as are other

18

portions of the rule – to information that a party intends to use in its case in chief.") *see also United*

19

*States v. Carucci*, 183 F.R.D. 614, 614-615 (S.D.N.Y. 1999) (Rakoff, D.J.) (granting defense

20

motion for discovery related to sentencing under former Rule 16(a)(1)(A), on grounds that the

21

specific provision of the rule was not limited by its terms to disclosure of government's case-in-

22

chief evidence).

23

**ANALYSIS**

24

Defendant contends that pursuant to Fed. R. Crim. Proc 16(a)(1)(A)-(B), the Government

25

must produce "any and all statements, recordings and documents signed by the defendant to and all

26

federal law enforcement agents." (ECF No. 381 at 1). Defendant states that these statements are

27

"relevant to [D]efendant's sentencing hearing." (*Id.* at 2). In a reply on Jan. 31, 2023, the

28

Government does not oppose Defendant's motion, acknowledges that the Defendant's statements may fall under Rule 16(a)(1)(B), and stated that it is in the process of obtaining the statements at the Government's request.[1] (ECF No. 383 at 1.).

The Court will grant Defendant's request for two reasons. First, the Government does not oppose Defendant's request and is already working on Defendant's request. (ECF No. 383) Second, the rule under which Defendant requests disclosure is not limited to disclosures for purposes of a party's case in chief. Unlike other portions of Fed. R. Crim Proc. 16, this section—16(a)(1)(B)—"is not limited . . . to information that a party intends to use in its case in chief." *United States v. Gaston*, No. 2:17-CR-00235 KJM, 2021 WL 4132415, at *1 (E.D. Cal. Sept. 10, 2021).

**CONCLUSION**

Accordingly,

1.  Defendant's Statement to Produce Statements (ECF No. 381) is GRANTED, and

2.  The hearing on the motion scheduled for Feb. 21, 2023 at 10:00am in Courtroom 1 is VACATED.

IT IS SO ORDERED.

Dated:    February 15, 2023                        _____
                                                   UNITED STATES DISTRICT JUDGE

---

[1] In their reply, the Government also noted that Defendant's request does not fall under Rule 16(a)(1)(A) since the Defendant has already pled guilty and is awaiting trial. The Government is correct, as Rule 16(a)(1)(A) applies to statements "the government intends to use at trial." Fed. R. Cim. Proc (16)(a)(1)(A). However, Defendant also requested the statements under Rule 16(a)(1)(B), which does not specify or restrict the event for which Defendant is requesting statements.
Fed. R. Crim. Proc. § 16(a)(1)(A) states (emphasis added): "*Defendant's Oral Statement*. Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent **if the government intends to use the statement at trial.**"